

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| KELLY PAYNE, <br><br> *Plaintiff,* <br><br> v. <br><br> MARK BRAKE, ET AL., <br><br> *Defendants.* | CIVIL ACTION NO. 3:05-CV-00052 <br><br><br> OPINION AND ORDER <br><br><br> JUDGE NORMAN K. MOON |

Before the Court is Plaintiff's Motion to Remand. For the reasons set forth below, the Court will GRANT the Motion.

## I. BACKGROUND

This case is brought by Plaintiff Kelly Payne on behalf of her deceased father, Eduardo Calzada, who allegedly died in the Charlottesville-Albemarle County Jail, as a result of the wrongful actions of Defendants. Plaintiff alleges violations of the Fourth, Eighth, and Fourteenth Amendments and requests damages pursuant to 18 U.S.C. § 1983. She also brings state law claims for wrongful death; false imprisonment; and assault and battery. Payne originally filed the present suit in the Circuit Court of the City of Charlottesville. Most of the numerous Defendants in this case filed various joint and independent notices of removal in October of 2005, less than thirty days after service of the Motion for Judgment. Five Defendants, however, had neither joined in a notice of removal nor filed a separate notice within thirty days after service of process: Christopher A. Bibb, Asaberia Igbani, Jerome Hill, Phillip Barfield, and John Woodson.

Four of these five defendants joined in a notice of removal on January 11, 2006. The one remaining defendant, Bibb, apparently has not been located.

## II. ANALYSIS:

28 U.S.C. § 1446 requires a "defendant or defendants" to file a notice of removal from state court either jointly or independently "within thirty days after the receipt by defendant, through service or otherwise, of a copy of the initial pleading." The Fourth Circuit has stated that such removal statutes must be strictly construed. *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994). The time limitation is not jurisdictional, and therefore may be waived. *See, e.g., Barnes v. Westinghouse Electric Corp.*, 962 F.2d 513, 516 (5th Cir. 1992); *Financial Timing Publications, Inc. v. Compugraphic Corp.*, 893 F.2d 936, 940 (8th Cir. 1990). Absent such waiver, however, all of the defendants must join in timely removal. *See Demco, Inc., v. Employers Casualty Co.*, 792 F.2d 478, 481 (5th Cir. 1986).

In this case, at least three out of the four non-removing Defendants received proper service of process in September 2005. *See* Mot. Opp'n., Ex.'s A, B, C. Such service triggers the running of the statutory period. *Murphy Bros., Inc., v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). However, the Defendants in question did not join in the notice of removal until January of 2006. Defendants argue that the complicated procedural history involved in this action, along with the federal interest in § 1983 claims, warrant the denial of the Motion. However, absent Plaintiff's waiver of the time limitation through participation in the federal forum, the Court can find no precedent for retaining the action in the face of a clear violation of the requirements of § 1446.

## III. CONCLUSION

Accordingly, the Court will GRANT the Motion to Remand.

It is so ORDERED.

The Clerk of the Court hereby is directed to send a certified copy of this Opinion and Order to all counsel of record.

ENTERED: _____
United States District Judge

Date: January 24, 2006